**THE LAW OFFICES OF MARK J. FRIEDMAN P.C.**
Counsel to Scott D. Morrell
66 Split Rock Road
Syosset, New York 11791
(516) 653-2480
Mark J. Friedman, Esq.

**Hearing Date: November 23, 2016**
**Time: 9:30 a.m.**

**Objection Due Date: October 13, 2015**
**Time: 4:30 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

SCOTT D. MORRELL,

                            Debtors.
-----------------------------------------------------------------X

Chapter 7
Case No. 15-75212 (REG)

### MOTION OF DEBTOR SCOTT D. MORRELL SEEKING AN ORDER
### PURSUANT TO 11 U.S.C. §§105 AND 522(f) AVOIDING A JUDICIAL LIEN

    Scott D. Morrell (the "Debtor") by and through their counsel, The Law Offices Of Mark J. Friedman P.C., submit this motion (the "Motion") seeking the entry of an Order pursuant to sections 105 and 522(f) under title 11 of the United States Code (the "Bankruptcy Code"): (i) avoiding the judicial lien on the property commonly known as 8 Cove Meadow Lane, Oyster Bay, New York 11771 and located in the State of New York, County of Nassau, Section: 27, Block: G, and Lot: 1654 (the "Property"), to the extent the judicial lien impair the Debtor's homestead exemption; and (ii) granting such other relief as this Court may deem just and proper, respectfully sets forth and alleges as follows:

### BACKGROUND

    1.    On November 30, 2015 (the "Filing Date"), the Debtor filed a voluntary petition for relief in accordance with chapter 7 of the Bankruptcy Code with this Court.

    2.    R. Kenneth Barnard was appointed the interim chapter 7 trustee (the "Trustee") of the Debtors' estate, thereafter duly qualified and is acting as the permanent Trustee in the case.

    3.    The Debtor now seeks to avoid a judicial lien to the extent the judicial lien impairs the Debtor's homestead exemption.

**JURISDICTION & VENUE**

4.     This Court has jurisdiction of this Motion pursuant to Bankruptcy Code §§157 and 1339.  Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicate for the relief sought in the Motion is Bankruptcy Code §§105 and 522(f).

**BASIS FOR RELIEF REQUESTED**

5.     Bankruptcy Code §522(f) provides that a debtor may avoid the fixing of a lien on an interest of the debtor's property to the extent that such lien impairs an exemption to which the debtor would have been entitled if such liens are judicial liens.

**RELIEF REQUESTED**

6.     As of the Filing Date, the following judgments existed against the Debtors:

   i)   Signature Bank – Index No. 603738/2013
        Judgment: $1,163,606.66 – Recorded Date 8-4-2104

   Annexed hereto as Exhibit "A" is said judgment.

7.     As of the Filing Date, there existed a Mortgage and HELOC on the Property held by Chase Bank ("Chase").  As of the Filing Date, the first Chase mortgage had a balance in the amount of $813,797.62.  As of the Filing Date, the HELOC had a balance in the amount of $646,327.77.  Set forth in attached Exhibit "B" are the amounts owed on the Mortgage and HELOC.

8.     As of the Filing Date, the fair market value of the Property, as per the appraisal attached as Exhibit "C" is $1,825,000.00.

9.     Pursuant to NY CPLR 5206(a), the Debtor has claimed a homestead exemption in the amount $165,500.00 as per Amended Schedule C attached hereto as Exhibit "D".

10.    Therefore, the fair market value of the Property is exceeded by the sum of (i) the unavoidable encumbrances attached to the Property, (ii) the above-referenced judicial lien, and (iii) the Debtor's claimed homestead exemption.  Accordingly, the fixing of the judicial liens set forth in Exhibit "A" impairs the Debtor's homestead exemption, thus rendering the judicial lien partially avoidable.

11.    The Trustee has conducted an auction sale of the Property.  The Debtor

respectfully requests that this Court authorize the Trustee to disburse to the Debtor his homestead exemption within five (5) business days of the Trustee's closing on his sale of the Property.

12.     No prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully request that this Court enter an Order granting the relief requested herein and such other, further and different relief as this Court deems just and proper.

Dated: Syosset, New York
       September 16, 2016

                                        **THE LAW OFFICES OF MARK J. FRIEDMAN P.C.**
                                        Counsel to Scott D. Morrell

By:     *s/Mark J. Friedman*
        Mark J. Friedman
        66 Split Rock Road
        Syosset, New York 11791
        (516) 653-2480